Battle, J.
 

 The object of the bill is to obtain the aid of the court in enforcing the specific execution of a contract for the purchase of land. The contract is alleged to be contained in a paper writing which purports to be a receipt by the vendor of a part of the purchase money from a son of the purchaser acting as agent for his father. This receipt bears date the 13th day of February, 1863, and the part of it which specifies the land, which is the subject of the contract, calls it “ the homestead tract of land, containing-acres, at six dollars per acre, belonging to the estate of P. Houston, deceased.” It closes with the vendor’s obligation to convey, in these words: “ And I bind myself, as the executor of the said P. Houston, deceased, to make to Dr. William J. Pendleton, of Louisa county, Virginia, a good lawful deed for the whole of the above homestead tract of land, containing-acres.”
 

 (Signed,) J. H. DALTON,
 

 Executor of P. Houston, dec’d.
 

 
 *120
 
 From the pleading and the testimony taken in the cause, it appears that about four months previously, to wit: on the 18th day of October, 1862, a contract was made between the vendor and the same son of the purchaser, who then professed to act for himself, and made no mention of his father, for the sale by the one, and the purchase by the other, of the greater part, but not all, of the same tract of land. This, contract its entitled, “ Agreement for the sale of an estate by private contract.” The articles are then set out in a formal manner and describe minutely the boundaries of the land agreed to be sold, the parts excepted out of the homestead tract, the price, and the manner and times of its payment, and then specify the time when possession is to be given and the deed of conveyance to be executed. The conclusion is equally formal with the other parts of the agreement, and the parties set their hands and affix their seals to it.
 

 That an instrument so solemn and formal, stating every part of the contract with so much minuteness and circumstantiality, should be substituted by another, in so short a time, of such an opposite character in every particular, must strike every one with surprise, and prompt him at once to ask for an explanation. That explanation has been attempted by the son, who is the bargainee in the first instrument, but now professes to be the agent of the complainant.
 

 We do not feel called upon to go into a detailed examination of his testimony, and ve shall say no more of it than that it has failed to satisfy us that the defendant intentionally signed the receipt with a full knowledge of its contents, and when we come to examine and consider the other testimony in the cause, we are satisfied that he signed it under the belief that the money paid was in part execution by the purchaser of the contract made a few months before, and which he, on his part, had to some extent executed by putting the supposed purchaser in possession.
 

 Having come to this conclusion as to the effect of the tes
 
 *121
 
 timony, we cannot give the complainant^he aid of the court in enforcing the contract which he is seeking to set up. It follows, as a necessary consequence, that his bill must be dismissed with costs.
 

 Per Curiam.
 

 Bill dismissed.